# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No. CR407-002 |
| ) | |
| TERRY LEE STARR, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On March 22, 2007, defendant Terry Lee Starr filed a motion pursuant to 18 U.S.C. §§ 4241–42 for a determination of (1) his mental competency at the time he allegedly committed the offense for which he was indicted and (2) his mental competency to stand trial. Doc. 16. On October 26, 2007, the Court held a competency hearing on the matter. For the reasons set forth below, the Court should find Starr **COMPETENT** to stand trial.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The underlying basis of Starr's motion was his alleged inability to understand the nature of the charges against him, to communicate effectively with his counsel, to grasp the criminal justice system's procedural requirements, and to interact with his attorney without demonstrating a hostile temperament. Doc. 16.

On March 26, 2007, the Court granted Starr's motion for a determination of mental competency, ordering the he undergo a mental examination in a facility designated by the Bureau of Prisons. Doc. 17. From April 13 to July, 12, 2007, Starr was evaluated at the Federal Medical Center (FMC) in Lexington, Ky. Doc. 22.

The results of the mental evaluations Starr received at the FMC indicate that he is mentally competent to stand trial. Id. More specifically, the FMC report states that "Mr. Starr's behavior was noted to be volitional and attributable to a personality disorder, rather than a serious mental disorder. . . . When he chose to do so, Mr. Starr settled down, conducted himself appropriately, maintained his composure, and conversed normally. . . . He

2

evidenced no functional impairments over the course of the evaluation suggestive of a serious mental condition." Id. at 5. Regarding Starr's mental state at the time of the offense, the forensic psychologist who prepared the report found "no indication Mr. Starr was experiencing delusions or hallucinations surrounding the conduct which could suggest symptoms of mental illness were significantly influencing or interfering with his actions at the time of the alleged offense." Id. at 5-6. Regarding Starr's mental competency to stand trial, the report states that "mental status examinations conducted over the course of the evaluation provided no indication Mr. Starr is seriously mentally disturbed or is mentally impaired in ways which would prevent him from performing the mental tasks required of a defendant." Id. at 6.

At the October 26, 2007 competency hearing, the government offered the FMC report into evidence, and Starr lodged no objections. Moreover, Starr presented no other evidence of mental incompetence.

## II. LEGAL ANALYSIS

When a defendant alleges he is mentally incompetent to stand trial, the Court must decide whether, at the time of trial, the defendant has the ability "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The legal test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960); see also Card v. Singletary, 981 F.2d 481, 484 (11th Cir. 1992); Bundy v. Dugger, 850 F.2d 1402, 1407 (11th Cir. 1988).

This Court uses a two-part test to determine competency: "(1) Does the defendant suffer from a clinically recognized disorder? and (2) if so, [does] that disorder render the defendant incompetent under the Dusky standard?" Bundy, 850 F.2d at 1408. The Court must make a factual determination, taking into account

4

any conflicts in the testimony, the demeanor of the witnesses, and the significance of the clinical findings.

Here, Starr did not dispute the FTC report's findings. There is no other record evidence to support a finding of mental incompetence under the <u>Dusky</u> standard. Therefore, he should be found **COMPETENT** to stand trial.

So **ORDERED** this 26th day of October 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA